IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20318
_____

COLISEUM FORD INC

                        Plaintiff-Counter Defendant-Appellee,

        v.

FORD DEALER COMPUTER SERVICES INC, also known as Dealer Computer
Services Inc

                        Defendant-Counter Claimant- Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
No. H-01-CV-2293
_____

January 8, 2003

Before KING, Chief Judge, and DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

    Ford Dealer Computer Services, Inc. (DCS) seeks to recover

damages from Coliseum Ford Inc. (Coliseum Ford) for breach of a

long-term computer contract (the Agreement).  The Agreement

contains an arbitration clause which is set out below.  DCS filed

an arbitration demand, following which Coliseum Ford filed an

application to stay arbitration in a Texas state district court.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The suit was removed to federal district court, and DCS then filed a motion to compel arbitration. The district court agreed with Coliseum Ford that the dispute was not arbitrable and denied DCS's motion to compel arbitration. DCS appeals. We reverse.

Respectfully, we disagree with the district court's interpretation of the arbitration clause in the Agreement, which reads as follows:

> Except as provided otherwise in this Agreement, all disputes, claims, controversies and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement, or to the breach thereof, including any claim in which either party is demanding monetary damages of the nature including negligence, strict liability or intentional acts and omissions by either party, and which cannot be resolved by the parties, shall be settled by arbitration in accordance with the arbitration procedure described below. Collection of any accrued amounts owed by Dealer to FDCS (and not disputed in writing with specificity within a reasonable period from the invoice date) shall not be subject to this arbitration procedure. This arbitration procedure shall in no way limit FDCS' remedies as provided in Section 12.

As we read the clause, the sentence excepting from arbitration collection of accrued amounts owed by Coliseum Ford to DCS is designed to deal with the collection of undisputed amounts regularly invoiced under the Agreement. The fact that it speaks in terms of "collection," "not disputed" and "invoice" supports that interpretation. The clause is not designed to deal with what is essentially a breach of contract claim, as to which the amount of damages owing is disputed and which is not the subject of an invoice.

2

Accordingly, we reverse the order of the district court entered February 14, 2002 denying DCS's motion to compel arbitration and remand for entry of an order compelling arbitration.  Costs shall be borne by Coliseum Ford.

REVERSED.